**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ADVANCED AUDIO DEVICES, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 10 C 7699 ) |
| BAY CONSUMER, INC., CENTON ELECTRONICS, INC., PROLYNKZ, LLC, ELEMENT ELECTRONICS, INC., MACH SPEED TECHNOLOGIES, INC., and SLY ELECTRONICS, LLC, | ) Judge Rebecca R. Pallmeyer ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Advanced Audio Devices, LLC ("AAD") sued a number of Defendants for infringing three patents in technology related to a digital music player. Defendant Mach Speed Technologies, Inc. ("Mach Speed"), the only Defendant who has not settled or defaulted, moves to dismiss the case for lack of subject matter jurisdiction and failure to join a Rule 19 party. Mach Speed contends that AAD effectively assigned the rights to the patents to a third party, SP Technologies, LLC ("SPT"), and suggests that AAD did not effectively regain those rights when it agreed to terminate that license. (Mach Speed's Reply in Support of its Motion to Dismiss (hereinafter "Reply"), at 1.) For the reasons stated here, the motion is denied.

## BACKGROUND

AAD is the original assignee of three patents: United States Patent No. 6,587,403 ("the '403 patent"), United States Patent No. 7,289,393 ("the '393 patent"), and United States Patent No. 7,817,502 ("the '502 patent") (collectively, "the patents-in-suit"). (Pl.'s Comp. ¶¶ 16-17, 45-46, 74-75.) The '393 and '502 patents are continuations of the '403 patent, and all relate to the same music player. (Mach Speed's Motion to Dismiss Under Rules 12(b)(1) and 12(b)(7) (hereinafter "Motion to Dismiss"), at 5.)

In September 2005, AAD granted to SPT the exclusive right and license to use the '403 patent and all continuations of it. (Exclusive License Agreement between AAD and SPT (hereinafter "Exclusive License"), ¶ 2.1.) AAD also granted SPT the right to sue for infringement. (*Id.*) In November 2005, AAD and SPT jointly sued iRiver America, Inc. and ReignCom Company, Ltd. for infringement of the '403 patent. (Ex. B to Motion to Dismiss.) In that litigation, AAD and SPT alleged that AAD owned the '403 patent but that SPT owned the exclusive license and the right to sue for infringement. (*Id.* ¶¶ 4-5.)

In September 2007, AAD and SPT terminated the Exclusive License. (Agreement for Termination of Exclusive License Agreement and Mutual Release (hereinafter "Termination Agreement"), ¶ 1.)[1] In the termination agreement, AAD agreed to be bound by SPT's obligations under prior litigation. (Termination Agreement ¶ 2.) In all other respects, the Termination Agreement provides that:

> AAD and SPT . . . release . . . one another . . . from any and all claims . . . including specifically those arising out of: (i) the licensing and enforcement of the AAD patents, (ii) the legal representation of AAD and SPT in the licensing and enforcement of the AAD patents, (iii) the Exclusive License Agreement itself.

(Termination Agreement ¶ 5.) The Termination Agreement also contemplated the possibility that AAD might nevertheless bring a claim against SPT. If that were to occur, the parties agreed that the termination would be reversed and the Exclusive License would be "automatically reinstated":

> If AAD shall subsequently bring any claim, suit or cause of action released in paragraph 5 above, this Agreement shall automatically be terminated, including the rights granted in paragraph 1, and the Exclusive License Agreement of September 12, 2005 will be automatically reinstated.

---

[1] On a motion to dismiss, the court normally restricts its attention to the allegations of the complaint. When addressing a factual attack on jurisdiction, however, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (quoting *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008)) (internal quotation marks omitted). AAD has filed a copy of the Termination Agreement under seal, and the court considers the language of that Agreement as relevant to AAD's standing.

(Termination Agreement ¶ 8.)

AAD filed a complaint against Mach Speed for infringement of the patents-in-suit on December 3, 2010. Mach Speed now moves to dismiss AAD's complaint for lack of standing. In the alternative, Mach Speed argues that the suit should be dismissed because SPT is a necessary party under Federal Rule of Civil Procedure 19.

## DISCUSSION

**I.    Standing**

In its motion to dismiss, Mach Speed argues that AAD lacks standing because the Exclusive License effectively assigned the patents-in-suit to SPT, and the Termination Agreement did not effectively return the rights in the patents to AAD. (Reply at 5, 6.)

As the plaintiff, AAD has the burden to establish standing. *See Apex Digital, Inc. v. Sears Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1033 (Fed. Cir. 1995) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990)). AAD must have standing on the date it files suit, *see Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010), and if it fails to establish standing, the court must dismiss the case. *See Maxwell v. County of Cook*, No. 10 CV 00320, 2011 WL 1004561, at *3 (N.D. Ill. Mar. 17, 2011). Once a defendant calls a plaintiff's standing into question, the plaintiff "bears the burden of coming forward with competent proof that standing exists." *Apex*, 572 F.3d at 444. "Competent proof" requires "a showing by a preponderance of the evidence" that the plaintiff has standing. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003). The court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Pollack v. U.S. Dept. of Justice*, 577 F.3d 736, 745 (7th Cir. 2009) (quoting *Apex*, 572 F.3d at 444) (internal quotation marks omitted).

Mach Speed correctly points out that if a patentee transfers all substantial rights to a patent, the transferee becomes the effective patentee and is the only party who may sue for infringement. *See Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 875-76 (Fed. Cir.1991). "[I]f a patentee transfers 'all substantial rights' to the patent, this amounts to an assignment or a transfer of title, which confers constitutional standing on the assignee to sue for infringement in its own name alone. When a party holds all rights or all substantial rights, it alone has standing to sue for infringement." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir.2007) (footnote omitted) (citation omitted). But that principle does not govern this case, where AAD and SPT entered into a Termination Agreement. That agreement terminated the Exclusive License, with the result that the rights granted by the Exclusive License revert to AAD. Indeed, paragraph 3 of the Termination Agreement states explicitly that:

> 3. Upon the execution of this Agreement by all parties, SPT hereby assigns to AAD any and all rights to sue and recover damages for past, present or future infringement of AAD's Patents that it acquired under the Exclusive License Agreement, subject to all prior agreements with third parties under the AAD patents.

Mach Speed resists that conclusion, but neither of the provisions it cites suggests that AAD's patent rights were not restored. First, Mach Speed points to Paragraph 2 of the Termination Agreement, which states:

> 2. Notwithstanding paragraph 1 [the paragraph terminating the Exclusive License], AAD and SPT agree that any future payments received from [other third parties] will be distributed as if the Exclusive License Agreement is still in effect . . . . Further, AAD agrees to be bound by all SPT's rights and obligations under its respective settlement and license agreements with [other third parties], including, but not limited to, the grant of releases, licenses and covenants not to sue.

Mach Speed speculates that SPT may have granted an exclusive right or the right to sublicense to another third party, and argues that doing so would undermine AAD's rights to the patents-in-suit. (Reply at 7.) Put simply, speculation is not a basis to defeat a claim of standing. Mach Speed also emphasizes AAD's agreement in paragraph 8 of the Termination Agreement (reproduced above)

4

to reinstate the Exclusive License should AAD sue SPT.  But this is more speculation because there is no evidence that any such dispute exists.

AAD is only required to show by a preponderance of the evidence that it has standing to sue, *see Lee*, 330 F.3d at 468, and AAD has met that burden.  It is undisputed that AAD is the original assignee of the patent.  AAD granted an exclusive license to SPT, but later terminated that license.  The court is satisfied that AAD has standing.

**II.     Necessary Party**

Mach Speed's remaining argument bears only brief discussion.  Mach Speed cites Federal Rule of Civil Procedure 19, which requires a plaintiff to join a party if "the court cannot accord complete relief among existing parties" or if the absence of the party would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  FED. R. CIV. P. 19(a).  An exclusive licensee should be joined to a suit by the patentee.  *Aspex Eyewear, Inc. v. Miracle Opts., Inc.*, 434 F.3d 1336, 1344 (Fed. Cir. 2006).  As discussed above, however, SPT is no longer an exclusive licensee of the patents-in-suit.  Mach Speed nevertheless argues that SPT is a required party because it will recover its Exclusive License if AAD sues SPT.  But Mach Speed cites no case for the proposition that a party who might someday obtain an exclusive license to a patent is a necessary party.  The court does not view the risk that AAD will someday sue SPT, that SPT will regain its license, and that SPT will sue Mach Speed under the patents-in-suit, as substantial.  SPT is not a required party under Rule 19.

## **CONCLUSION**

The motion to dismiss [35] is denied.

ENTER:

Dated: December 2, 2011

_____
REBECCA R. PALLMEYER
United States District Judge